PROB 12C
(Rev.2011)

# United States District Court
for
Middle District of Tennessee

## Superseding Petition for Summons for Offender Under Supervision
[Supersedes Petition Filed as Docket Entry No. 43]

Name of Offender: Brandon D. Wells  Case Number: 3:07-00257

Name of Sentencing Judicial Officer: Honorable Thomas A. Wiseman, Jr., Senior U.S. District Judge

Date of Original Sentence: December 15, 2008

Original Offense: 18 U.S.C.§ 922(g)(1), Felon in Possession of a Firearm

Original Sentence: 72 months' custody followed by 3 years' supervised release

Type of Supervision: Supervised Release  Date Supervision Commenced: May 31, 2013

Assistant U.S. Attorney: S. Carran Daughtrey  Defense Attorney: C. Douglas Thoresen

### PETITIONING THE COURT

☐ To issue a Summons
☐ To issue a Warrant
☒ To consider additional violations/information

### THE COURT ORDERS:

☐ No Action
☐ The Issuance of a Warrant
   ☐ Sealed Pending Warrant Execution
       (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons
☐ Other
☒ The Consideration of Additional Alleged Violations/Information

Considered this 7th day of August, 2013, and made a part of the records in the above case.

_____
Thomas A. Wiseman, Jr.
Senior U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct.
Respectfully submitted,

_____
Kara Sanders
U.S. Probation Officer Specialist

Place  Nashville, TN

Date  July 29, 2013

## ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry No. 43, has been amended as follows:

    Violation No. 1 – has been amended to include additional positive drug tests.

    Violation No. 2 – has been amended to include additional treatment information.

    Violation No. 3 – has been added to report a new arrest.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation No. | Nature of Noncompliance |
| --- | --- |
| 1. | **The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance.** |

    Prior to his release to supervision, while residing at Diersen Charities, Mr. Wells tested positive for marijuana and cocaine on May 17, 2013. He reported to the probation officer, on June 3, 2013, that he did use marijuana and cocaine on May 17, 2013, while in the custody of the Bureau of Prisons. The Bureau of Prisons took no action, based on the fact his release was scheduled for May 31, 2013. On June 3, 2013, he was given a drug test at the probation office and his urine tested positive for marijuana and cocaine. Initially, Mr. Wells only admitted to marijuana use, but eventually revealed he also used cocaine, on June 1, 2013.

    On June 24, Mr. Wells, again, tested positive for marijuana and cocaine. He admitted he used marijuana and cocaine on June 23, 2013.

    On June 28, 2013, during a home contact, Officer Sanders, found two partially smoked marijuana cigarettes in his room. They were in plain view on a mirror next to his bed. Mr. Wells admitted the marijuana was his and he had been smoking marijuana laced with cocaine for several weeks.

**New Violation**

    On July 9, 2013, Mr. Wells failed to report for his drug test. On July 17, 2013, he tested positive for cocaine and marijuana and admitted he was continuing to use drugs.

2. **The defendant shall participate in a program of drug testing and substance abuse treatment which may include a 30-day inpatient treatment program followed by up to 90 days in a residential reentry center at the direction of the probation officer. The defendant shall pay all or part of the cost for substance abuse treatment if the probation officer determines the Defendant has the financial ability to do so or has appropriate insurance coverage to pay for such treatment.**

On June 18, 2013, Mr. Wells was assessed by Centerstone Mental Health for treatment needs. Centerstone recommended he attend group substance abuse treatment weekly. He was instructed to begin treatment on June 19, 2013. He failed to attend treatment on June 19, 2013. During a home contact on June 25, 2013, Officer Sanders instructed Mr. Wells to attend treatment on June 26, 2013. Mr. Wells did report to Centerstone on June 26, 2013, but failed to attend treatment as he fell asleep in the lobby.

**New Violation**

On July 17, 2013, Mr. Wells was instructed by Officer Sanders to comply with all of the treatment recommendations of Centerstone. On July 18, 2013, Centerstone recommended he begin individual mental health treatment and receive a psychiatric evaluation. On July 18, 2013, Officer Sanders attempted a home contact at Mr. Wells's residence. No one came to the door. Officer Sanders left a note for Mr. Wells to contact her.

3. **The defendant shall not commit another federal, state or local crime.**

On July 23, 2013, Mr. wells was arrested and charged with Criminal Trespass by the Metro Nashville Police Department. The affidavit reports Metro detectives attempted to conduct a drug related "knock and talk" at 1601 Herman Street, apt. C-15, based on a drug complaint. The complaint referenced a 6'7" 350 pound male black named "Brandon" who was selling narcotics at the location. (This is the residence Mr. Wells reports to the U.S. Probation as his residence.) No one responded at the apartment during the knock. After detectives walked away, the suspect, "Brandon" was seen leaving the building. Detectives made consensual contact with "Brandon". The defendant was positively identified as Brandon Wells. The defendant denied coming from the apartment, and stated that he did not live at the location, and he lived at 936 16th Avenue North. The defendant initially stated that he was visiting his mother. A detective spoke to his mother, and she stated that she had not lived at apartment C-15 since May. The location of 1601 Herman Street has an active trespassing waiver on file. The defendant had no legitimate reason for being on the property and was arrested for Criminal Trespass.

On July 29, 2013, this charge was dismissed. Mr. Wells remains in custody at the Metro Criminal Justice Center.

**Compliance with Supervision Conditions and Prior Interventions:**

Mr. Wells began his term of supervised release on May 31, 2013. His supervision is scheduled to expire on May 30, 2016. He was initially employed full-time with United Record Pressing in Nashville, Tennessee. On June 21, 2013, his employment was terminated for failure to report to work. Mr. Wells previously reported living with his mother in Nashville. However, based on information in the recent arrest affidavit this is not accurate.

**Update on Offender Characteristics:**

On July 23, 2013, Mr. Wells reported to the U.S. Probation Office for the summons issued by Your Honor. He was processed, completed his initial appearance and was released. At this time, Mr. Wells had not followed through with his mental health treatment but was attending substance abuse treatment. Officer Sanders instructed Mr. Wells to contact Centerstone to schedule a mental health appointment. Mr. Wells did this while in the probation office. However, no appointment has been set due to his custody status.

**U.S. Probation Officer Recommendation:**

It is respectfully recommended that the additional information and violation be considered at the revocation hearing currently scheduled for August 7, 2013.

The U.S. Attorney's Office concurs with the probation officer's recommendation.

Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer

# SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
### UNITED STATES V. BRANDON D. WELLS, CASE 3:07-00257

**GRADE OF VIOLATION:** C
**CRIMINAL HISTORY:** V

**ORIGINAL OFFENSE DATE:** Post April 30, 2003    **Protect Act Provisions**

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 2 Years (Class C felony) 18 U.S.C. § 3583(e)(3) | 7-13 Months U.S.S.G §7B1.4(a) | No recommendation |
| SUPERVISED RELEASE: | 36 months less any term of imprisonment 18 U.S.C. § 3583(h) | 1-3 years U.S.S.G. § 5D1.2(a)(2) | No recommendation |

Revocation is mandatory if the court finds the defendant possessed a controlled substance in violation of the condition set forth in subsection (d). 18 U.S.C. § 3583(g)(1).

In the case of a defendant who fails a drug test, the court shall consider whether the availability of appropriate substance abuse programs, or a defendant's current or past participation in such programs, warrants an exception from the requirement of mandatory revocation and imprisonment under 18 U.S.C. §§ 3565(b) and 3585(g), 18 U.S.C. §§ 3563(A), 3583(d).

**Guideline Policy Statements:**
Upon a finding of a Grade C violation, the Court may revoke supervised release, extend the term of supervised release and/or modify the conditions of supervision, U.S.S.G § 7B1.3(a)(2).

Respectfully submitted,

Kara Sanders
U.S. Probation Officer Specialist

Approved: Britton Shelton
Supervisory U.S. Probation Officer

Defendant's last known address:

Hill Detention Center
Nashville, Tennessee